**Feliciano Antonio MONTEROS SOLIS, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71467.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 19, 2004.

Feliciano Antonio Monteros Solis, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration and Naturalization Service, Los Angeles, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., John C. Cunningham, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*\*

Feliciano Antonio Monteros Solis, a native and citizen of Guatemala, petitions pro se for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.

Substantial evidence supports the IJ's finding that Monteros Solis failed to establish a well-founded fear of persecution on account of an enumerated ground. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Moreover, Monteros Solis's subjective fear is unreasonable in light of changed country conditions. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000–01 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions where the agency rationally construes the country report and conducts an individualized analysis of how the changed conditions will affect the petitioner's situation).

Because Monteros Solis failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

Monteros Solis's contention that the BIA's opinion insufficiently articulated its reasons for denying relief is foreclosed by

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Monteros Solis's period of voluntary departure will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

